

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# Everest Natl Ins Co v. Sutton

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4643

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Everest Natl Ins Co v. Sutton" (2009). *2009 Decisions.* Paper 1570.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1570

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4643

_____

EVEREST NATIONAL INSURANCE COMPANY,
a Delaware corporation;
EVEREST REINSURANCE COMPANY,
a Delaware corporation

v.

ROBERT SUTTON;
WK CAPITAL ADVISORS, INC.;
CENTRIX CONSOLIDATED, LLC;
CENTRIX CAPITAL MANAGEMENT, LLC,
                        Appellants

v.

DARYL BRADLEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-07-cv-00722)
District Judge: Honorable Joel A. Pisano

_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2009

Before:  RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed: April 7, 2009)

JORDAN, *Circuit Judge*.

Defendants Robert Sutton, WK Capital Advisors, Inc. ("WK Capital"), Centrix Consolidated, LLC ("Centrix Consolidated"), and Centrix Capital Management, LLC ("Centrix Capital") (collectively "Appellants") appeal from an order by the United States District Court for the District of New Jersey, entered August 13, 2008,[1] requiring Appellants to post security with an arbitration panel. Because we lack jurisdiction, we will dismiss this appeal.

## I.    Background

The facts we rely on to evaluate our jurisdiction are primarily from the District Court's opinion in support of its order and are undisputed, unless otherwise noted. *See Everest Nat'l Ins. Co. v. Sutton*, No. 07-722, 2008 WL 3833586 (D.N.J. Aug. 13, 2008). Everest National Insurance Co. and Everest Reinsurance Co. (collectively "Everest") provide insurance for sub-prime automobile loans. *Id.* at \*2. Everest entered into a reinsurance agreement with non-party Founders Insurance Co. ("Founders"), which is also owned by Appellant Sutton. *Id.* at \*3. In order to further secure its insurance

---

[1]The District Court's opinion and order are dated August 11, 2008, but were filed on August 13, 2008.

policies, Everest entered into agreements with Appellants whereby Appellants each agreed to guarantee Founders's obligations under the reinsurance agreement.[2] *Id.* at *3.

In this breach of contract action, Everest alleges that Appellants failed to fulfill their obligations under the guarantees following Founders's refusal to pay $76,262,632.00 due to Everest under their reinsurance agreement.[3] (App. at 35 ¶ 39, 36 ¶ 50.) Sutton, Centrix Consolidated, and Centrix Capital filed counterclaims, in part seeking a declaration that no monies are due and owing under the guarantees because Everest unnecessarily reimbursed lenders for certain claims. *Everest*, 2008 WL 3833586, at *9, 17. (App. at 47 ¶ 2 - 48 ¶ 4.)

In connection with a separate arbitration between Everest and Founders regarding Founders's alleged breach of the reinsurance agreement, an arbitration panel ordered Founders to post $70 million in favor of Everest "as security to cover part or all of any ultimate award that the panel may decide in Phase II of the arbitration." (App. at 473d.) Founders failed to comply. *Everest*, 2008 WL 3833586, at *3. Everest then moved for partial summary judgment in this case, seeking an order requiring Appellants to satisfy Founders's obligation to post security. *Id.* Everest also moved to dismiss the counterclaims. *Id.* at *1.

---

[2]Appellants argue that there is no evidence in the record that WK Capital executed a guarantee in its corporate capacity.

[3]The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

In its August 13th order, the District Court granted Everest's motion for partial summary judgment and granted in part Everest's motion to dismiss. Thus, one counterclaim is still before the District Court, as is Everest's breach of contract claim. Appellants appealed the August 13th order. We granted their motion to expedite the appeal and asked the parties to address this Court's jurisdiction in their briefs and through supplemental responses.

## II. Discussion

This is not a close case.[4] Appellants contend that our jurisdiction is based on 28 U.S.C. § 1292(a)(1), which provides us with jurisdiction over "[i]nterlocutory orders ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." (Appellants' Opening Brief at 1.) But the District Court's award is one for the payment of money and thus traditionally brought in law rather than equity. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210-11 (2002) ("[A]n injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity.").

---

[4]Appellants do not contend that a final decision is at issue here. Nor could they, since the very nature of the District Court's order granting partial summary judgment means that material facts remain to be adjudicated. *See* Fed. R. Civ. P. Rule 56(d); *Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of New Jersey*, 867 F.2d 1455, 1463 (3d Cir. 1989) (distinguishing orders for partial summary judgment from orders for summary judgment). Appellants also do not rely on the collateral order doctrine to establish our jurisdiction. *See Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 241 (2d Cir. 2006) ("An order granting security is not appealable [under the collateral order doctrine] because the aggrieved party may obtain complete relief on appeal from final judgment.").

An injunction for purposes of § 1292(a)(1) does not arise out of an "[a]ction[] at law for the recovery of money." *Cohen*, 867 F.3d at 1465.

We may review a decision on an isolated claim, even if other claims in the complaint remain, if a district court enters final judgment as to the decided claim pursuant to Fed. R. Civ. P. 54(b). *Id.* Appellants, however, opposed entry of final judgment before the District Court on the basis that the order "is not ready for appeal," a contention with which the District Court agreed. (D.I. 93 at 10.) They cannot credibly claim now that we have jurisdiction. We conclude that we do not.

## III. Conclusion

For the foregoing reasons, we will dismiss this appeal because we lack jurisdiction. Appellants' motion for leave to file its supplemental appendix under seal is granted.